UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Jenn Viridis, | : |
|   Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| National Check Resolution, Inc., | : **COMPLAINT** |
|   Defendant. | : |

For this Complaint, the Plaintiff, Jenn Viridis, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jenn Viridis ("Plaintiff"), is an adult individual residing in Ellicott City, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, National Check Resolution, Inc. ("NCR"), is a Georgia business entity with an address of 935 River Center Place, Suite 100, Lawrenceville, Georgia 30043,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to NCR for collection, or NCR was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCR Engages in Harassment and Abusive Tactics

10. By email dated March 2, 2021, NCR attempted to collect the Debt from Plaintiff.

11. The email was sent from info@nationalcheckre.com to Plaintiff and several other email addresses that do not belong to Plaintiff.

12. The email disclosed the details about the Debt.

13. Plaintiff did not provide NCR or the original creditor with the email addresses included in the email.

14. NCR did not have Plaintiff's consent to disclose the Debt to third parties.

15. NCR's disclosure of the Debt to third parties caused Plaintiff a significant amount of embarrassment and humiliation.

### C. Plaintiff Suffered Actual Damages

16. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

20. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendant are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

28. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

29. The Defendant disclosed or threatened to disclose information affecting the Plaintiff's reputation for creditworthiness, in violation of MD. Code Comm. Law § 14-202(3).

30. The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages from the Defendant for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 28, 2021

                                          Respectfully submitted,

                                          By   /s/ Sergei Lemberg
                                          Sergei Lemberg, Esq.
                                          LEMBERG LAW, L.L.C.
                                          43 Danbury Road, 3rd Floor
                                          Wilton, CT 06897
                                          Telephone: (203) 653-2250
                                          Facsimile:  (203) 653-3424
                                          ATTORNEYS FOR PLAINTIFF